Joshua E. Lynn, esq.  (SBN 182132)
lynn4law@gmail.com
Leanna M. Gerritsen  (SBN 268447)
gerritsen@joshlynn-associates.net

**JOSHUA E. LYNN & ASSOCIATES**

1516 Chapala St.
Santa Barbara, CA 93101

Telephone:  (805) 845-5966
Facsimile:  (805) 845-5902

Attorney for Defendant

FILED

MAR 15 2011

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>DAVID J. PRENATT,<br><br>Debtor.<br><br>_____<br><br>JOHN & DIANE NATHAN,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID J. PRENATT,<br><br>Defendant. | BK No. 9:09-bk-14163-RR<br><br>Adv. No. 9:10-ap-01303-RR<br><br>Chapter 11<br><br>**ANSWER TO COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE & FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBTS.** |

1

Answer to Complaint Objecting to Discharge and for Determination of Nondischargeability of Debts

TO THE HONORABLE JUDGE RIBLET, UNITED STATES BANKRUPTCY JUDGE, & TO ALL OTHERS PARTIES IN INTEREST:

Defendant, DAVID J. PRENATT, (hereinafter "Defendant"), by and through his attorney of record, Joshua E. Lynn, hereby answers the Complaint filed by John and Diane Nathan (collectively, "Plaintiffs"), by and through their attorney of record, Baruch C. Cohen, in the above-entitled adversary proceeding as follows:

1. In Answering Paragraph 1, Defendant admits the allegations therein.
2. In Answering Paragraph 2, Defendant admits the allegations therein.
3. In Answering Paragraph 3, Defendant admits the allegations therein.
4. In Answering Paragraph 4, Defendant admits based on information and belief, that Diane Nathan is an individual residing in Santa Barbara, CA and is the trustee of the Diane Siegelman Nathan Living Trust.
5. In Answering Paragraph 5, Defendant admits the allegations there.
6. In Answering Paragraph 6, Defendant admits the allegations therein.
7. In Answering Paragraph 7, Defendant admits that Diane Nathan is a creditor. He denies that John Nathan is a creditor. Defendant states that John Nathan never signed any promissory note. John Nathan's involvement is limited to a $1 million investment in the El Prado Hotel as a limited partner.
8. In Answering Paragraph 8, Defendant admits that Plaintiff Diane Nathan's claims against him are evidenced by promissory Notes and real-estate investments between he and Diane

2

Answer to Complaint Objecting to Discharge and for Determination of Nondischargeability of Debts

Nathan. Defendant denies that there are ten (10), and admits only that there are nine (9), promissory notes. He further denies that John Nathan signed any of the promissory notes.

9. In Answering Paragraph 9, Defendant denies generally and specifically each and every allegation contained therein.

10. In Answering Paragraph 10, including subsections 1-7, Defendant denies generally and specifically each and every allegation contained therein.

11. In Answering Paragraph 11, Defendant denies generally and specifically each and every allegation contained therein.

12. In Answering Paragraph 12, Defendant denies generally and specifically each and every allegation contained therein.

13. In Answering Paragraph 13, Defendant admits the allegations contained therein.

14. In Answering Paragraph 14, Defendant admits that he told Plaintiff, Diane Nathan, that he loved her "more than a sister". Defendant denies generally and specifically each and every other allegation contained therein, including subsections 1-7. In response to subsection 6, Defendant states that Plaintiff Diane Nathan never asked for any security for unsecured promissory notes.

15. In Answering Paragraph 15, Defendant denies generally and specifically each and every allegation contained therein.

16. In Answering Paragraph 16, Defendant admits that in November 2003, Plaintiff Diane Nathan loaned him $200,000 pursuant to a note with interest payable monthly at 12% per annum. He denies that Plaintiff loaned the money based on those representations set forth in the Complaint.

3

Answer to Complaint Objecting to Discharge and for Determination of
Nondischargeability of Debts

17. In Answering Paragraph 17, Defendant admits that Plaintiff Diane Nathan loaned him $400,000 and $500,000 from her parents' accounts, pursuant to two separate unsecured notes with interest payable monthly at 12% per annum. He denies each and every other allegation contained therein. Defendant states that he never approached Plaintiff Diane Nathan, but it was she who approached him wishing to invest. Defendant further states he believed the money was Diane Nathans's, not her parents'. Diane Nathan represented to him that she had acquired money through smuggling pre-Columbian art into the United States which she thereafter parlayed into a multi-million dollar real-estate portfolio. She further represented she kept her money in her parents' accounts for tax purposes and for use in investments.

18. In Answering Paragraph 18, Defendant denies that Plaintiff Diane Nathan issued a new promissory note based on Defendant's representations. Defendant admits all other allegations contained therein.

19. In Answering Paragraph 19, Defendant denies generally and specifically each and every allegation set forth therein. Defendant admits only that Plaintiff loaned him money, however pursuant to only nine (9) promissory notes.

20. In Answering Paragraph 20, Defendant admits the allegations set forth therein.

21. In Answering Paragraph 21, Defendant admits that Plaintiff loaned him $1,000,000 on March 16, 2007 pursuant to a promissory notes secured by an assignment of LLC interest, due and payable on or before March 16, 2017. Defendant denies each and every other allegation contained therein.

22. In Answering Paragraph 22, Defendant denies generally and specifically each and every allegation set forth therein.

23. In Answering Paragraph 23, Defendant denies that one of the $1,000,000 was a note, but was in fact an investment in State Street Hotel. Defendant admits all other allegations set forth therein.

24. In Answering Paragraph 24, Defendant admits all allegations set forth therein.

25. In Answering Paragraph 25, Defendant admits all allegations set forth therein.

26. In Answering Paragraph 26, Defendant admits all allegations set forth therein.

27. In Answering Paragraph 27, Defendant admits all allegations set forth therein.

28. In Answering Paragraph 28, Defendant admits all allegations set forth therein.

29. In Answering Paragraph 29, Defendant admits all allegations set forth therein.

30. In Answering Paragraph 30, Defendant denies generally and specifically each and every allegation set forth therein.

31. In Answering Paragraph 31, Defendant denies generally and specifically each and every allegation set forth therein.

32. In Answering Paragraph 32, Defendant admits all allegations set forth therein.

33. In Answering Paragraph 33, Defendant denies all allegations set forth therein.

34. In Answering Paragraph 34, Defendant denies all allegations set forth therein.

35. In Answering Paragraph 35, Defendant denies all allegations set forth therein.

36. In Answering Paragraph 36, Defendant denies all allegations set forth therein.

37. In Answering Paragraph 37, Defendant denies all allegations set forth therein.

38. In Answering Paragraph 38, Defendant denies all allegations set forth therein.

39. In Answering Paragraph 40, Defendant denies that he engaged in "soliciting funds from the general public". Defendant admits all other allegations set forth therein.

40. In Answering Paragraph 40, Defendant denies all allegations set forth therein.

41. In Answering Paragraph 41, Defendant denies all allegations set forth therein.

42. In Answering Paragraph 42, Defendant admits all allegations set forth therein.

43. In Answering Paragraph 43, Defendant admits all allegations set forth therein.

44. In Answering Paragraph 44, Defendant denies all allegations set forth therein.

45. In Answering Paragraph 45, Defendant admits all allegations set forth therein.

46. In Answering Paragraph 46, Defendant denies all allegations set forth therein.

47. In Answering Paragraph 47, Defendant denies all allegations set forth therein.

48. In Answering Paragraph 48, Defendant denies all allegations set forth therein.

49. In Answering Paragraph 49, Defendant admits all allegations set forth therein.

50. In Answering Paragraph 50, Defendant admits that the State St. Hotel was foreclosed and that Plaintiff Diane Nathan lost her investment of $1.1 million. Defendant denies all other allegations set forth therein.

51. In Answering Paragraph 51, Defendant denies all allegations set forth therein.

52. In Answering Paragraph 52, Defendant admits all allegations set forth therein.

53. In Answering Paragraph 53, Defendant denies all allegations set forth therein.

54. In Answering Paragraph 54, Defendant denies all allegations set forth therein.

55. In Answering Paragraph 5, Defendant admits that he and Plaintiff Diane Nathan purchased the real property together and that they would be 50% members of the LLC. Defendant also admits that the property was moved into the name of Shoreline, LLC. However, Defendant attributes this occurrence to a mistake of his estate planning attorney, which was later discovered by his subsequent estate planning attorney and corrected. Defendant denies all other allegations set forth therein.

## FIRST CAUSE OF ACTION FOR NONDISCHARGEABILITY OF DEBT

[11 U.S.C. §523(a)(2)(A)]

56. In Answering Paragraph 56, Defendant incorporates by reference his answers in paragraphs 1-55 as though fully set forth herein.

57. In Answering Paragraph 57, Defendant denies all allegations set forth therein.

58. In Answering Paragraph 58, Defendant denies all allegations set forth therein.

59. In Answering Paragraph 59, Defendant denies all allegations set forth therein.

60. In Answering Paragraph 60, Defendant denies all allegations set forth therein.

## SECOND CAUSE OF ACTION FOR NONDISCHARGEABILITY OF DEBT

[11 U.S.C. §523(a)(4)]

61. In Answering Paragraph 61, Defendant incorporates by reference his answers in paragraphs 1-60 as though fully set forth herein.

62. In Answering Paragraph 62, Defendant denies all allegations set forth therein.

63. In Answering Paragraph 63, Defendant denies all allegations set forth therein.

64. In Answering Paragraph 64, Defendant denies all allegations set forth therein.

65. In Answering Paragraph 65, Defendant denies all allegations set forth therein.

## THIRD CAUSE OF ACTION FOR NONDISCHARGEABILITY OF DEBT

[11 U.S.C. §523(a)(6)]

66. In Answering Paragraph 66, Defendant incorporates by reference his answers in paragraphs 1-65 as though fully set forth herein.

67. In Answering Paragraph 67, Defendant denies all allegations set forth therein.

68. In Answering Paragraph 68, Defendant denies all allegations set forth therein.

69. In Answering Paragraph 69, Defendant denies all allegations set forth therein.

Answer to Complaint Objecting to Discharge and for Determination of Nondischargeability of Debts

Main Document    Page 8 of 10

70. In Answering Paragraph 70, Defendant denies all allegations set forth therein.

71. In Answering Paragraph 71, Defendant denies all allegations set forth therein.

### FOURTH CAUSE OF ACTION –UNFAIR, UNLAWFUL & FRAUDULENT BUSINESS PRACTICES

[Cal. Bus. & Prof. Code §17200, et seq.]

72. The parties to the current cause of action have stipulated that Plaintiff's 4th Cause of Action, Paragraphs 72-74, shall be dismissed and Defendant need not answer.

### FIFTH CAUSE OF ACTION FOR NONDISCHARGEABILITY OF DEBT

[11 U.S.C. §727(A)(3)]

73. In Answering Paragraph 75, Defendant incorporates by reference his answers in paragraphs 1-71 as though fully set forth herein.

74. In Answering Paragraph 76, Defendant denies all allegations set forth therein.

75. In Answering Paragraph 77, Defendant denies all allegations set forth therein.

76. In Answering Paragraph 78, Defendant denies all allegations set forth therein.

### SIXTH CAUSE OF ACTION FOR NONDISCHARGEABILITY OF DEBT

[11 U.S.C. §727(A)(4)]

77. The parties to the current cause of action have stipulated that Plaintiff's 6th Cause of Action, Paragraphs 79-81, shall be dismissed and Defendant need not answer.

### SEVENTH CAUSE OF ACTION FOR NONDISCHARGEABILITY OF DEBT

[11 U.S.C. §727(A)(5)]

78. The parties to the current cause of action have stipulated that Plaintiff's 7th Cause of Action, Paragraphs 82-84, shall be dismissed and Defendant need not answer.

### EIGHTH CAUSE OF ACTION FOR NONDISCHARGEABILITY OF DEBT

Answer to Complaint Objecting to Discharge and for Determination of Nondischargeability of Debts

[18 U.S.C. §152]

79. The parties to the current cause of action have stipulated that Plaintiff's 8th Cause of Action, Paragraphs 85-87, shall be dismissed and Defendant need not answer.

WHEREFORE, Defendants pray that Plaintiffs take nothing by the way of their Complaint and that these answering Defendants herein recover their costs and such other and further relief as the Court may deem just and proper.

Dated: March 15, 2011

Respectfully Submitted,

*/s/ Joshua E. Lynn*

Joshua E. Lynn

Answer to Complaint Objecting to Discharge and for Determination of Nondischargeability of Debts

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document described as <u>Answer to Complaint</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>3/15/2011,</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov (U.S. Trustee)
Baruch C Cohen bcc4929@gmail.com (Attorney for Diane Nathan and John Nathan)
Jonathan Gura  jon@msmlaw.com  (Interested Party- Attorney for Michaelsons)

Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>3/15/2011,</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Thomas P. Jeremiassen (TR), LECG LLC, 2049 Century Park East 2300, Los Angeles, CA 90067 (Trustee)
John Reitman, Landau, Gottfried, & Berger, LLP   1801 Century Park East Suite 1460, Los Angeles, CA 90067
Brian Fittipaldi,  128 E. Carrillo St., Santa Barbara, CA 93101

Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***Fill in Date Document is Filed,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

─

Hon. Robin Riblet, Judge, U.S. Bankruptcy Court, Central District, 1415 State St., Santa Barbara, CA 93101 (Judge)

Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/15/2011 | Leanna M. Gerritsen | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*  F 9013-3.1.PROOF.SERVICE